UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Laverne Daniel,** | ) | **CASE NO. 1:09 CV 2371** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court upon defendant United States of America's Motion to Dismiss Complaint (Doc. 13). This is a medical negligence dispute under the Federal Tort Claims Act. For the reasons that follow, the Motion to Dismiss is GRANTED.

## FACTS

Plaintiff, Laverne Daniel, brings this action against defendant, the United States of America, alleging defendant, through the Veteran's Administration, negligently failed to properly diagnose and treat plaintiff, resulting in the amputation of his right leg. The complaint contains a single claim for medical negligence.

1

Defendant now moves to dismiss the complaint, alleging that plaintiff has failed to attach an affidavit of merit to his complaint as required by Ohio Rule of Civil Procedure 10(D)(2). Plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

**ANALYSIS**

The Federal Tort Claims Act (hereinafter "FTCA") provides the following, in relevant part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Accordingly, "liability on the part of the federal government under the [FTCA] is determined in accordance with the law of the state where the event giving rise to liability occurred." *Young v. United States,* 71 F.3d 1238, 1242 (6th Cir. 1995). When applying state law, federal courts apply state substantive law and federal procedural law. *See, e.g., Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938) (federal courts must apply state substantive law and federal procedural law while sitting in diversity jurisdiction); *Felder v. Casey,* 487 U.S. 131 (1988) (federal courts must apply state substantive law and federal procedural law while sitting in pendent jurisdiction).

A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.'" *Shropshire v. Laidlaw Transit, Inc.,* 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Corp.,* 356 U.S. 525, 535 (1958)). A law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna v. Plumer,* 380 U.S. 460, 466 (1965). The outcome-determinative test must be read with "reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468.

3

Defendant argues that Ohio Rule of Civil Procedure 10(D)(2) (hereinafter the "Ohio rule") is substantive law and should be applied in this case. The Ohio rule provides in relevant part:

> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
>
> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii) A statement that the affiant is familiar with the applicable standard of care;
>
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff. . . .
>
> (d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

Defendant argues that the Ohio rule is substantive because if it is not applied, the federal government would be exposed to liability in the federal courts when a cause of action involving similar conduct would be dismissed in a diversity case or a state court action, thus the rule is outcome-determinative. *See, e.g., Nicholson v. Catholic Health Partners,* No. 4:08 CV 2410, 2009 WL 700768 (N.D. Ohio March 13, 2009) (Economus, J.) (finding the Ohio rule to be a substantive rule of law in a diversity case). Defendant also argues that the purpose of the Ohio

4

rule is not merely procedural, as the Ohio Supreme Court has held that its purpose is "to deter the filing of frivolous medical-malpractice claims" and that compliance with the rule is required "to establish the adequacy of the complaint." *Fletcher v. Univ. Hosp. of Cleveland,* 897 N.E.2d 147, 149 (Ohio 2008).

Plaintiff argues that the Ohio rule is procedural in nature and should not apply to his complaint; instead, the Federal Rules of Civil Procedure which have no affidavit of merit requirement should apply. In support, plaintiff states that unlike in a diversity case, forum shopping is not a concern here because he has no alternative forum in which to bring his claim under the FTCA. Additionally, plaintiff argues that the FTCA has different procedural requirements from Ohio law. Plaintiff also argues that the Ohio rule cannot be substantive because a dismissal for failure to comply with the rule is not on the merits.

Defendant replies that because the FTCA requires Ohio law to be applied to claims under the FTCA, the Ohio rule must be applied in this case. Defendant further argues that the issue of whether a dismissal is with or without prejudice is irrelevant to whether a particular requirement is substantive or procedural.

Upon review, the Court agrees with defendant. Under the FTCA, substantive state law applies to determine liability. *Young*, 71 F.3d at 1242. Applying the test set forth in *Hanna v. Plumer,* the Ohio rule would be controlling if this action was filed in the Ohio state courts– the action would be dismissed because a complaint for medical malpractice cannot state a claim under Ohio law unless an affidavit of merit supports the claim. Disregarding the Ohio rule in this case would significantly affect the result of the litigation as plaintiff would be permitted to

5

proceed in the action without meeting this threshold requirement.[1]  Moreover, although forum-shopping is not a concern in this case as plaintiff has only one forum, allowing plaintiff to proceed would be an inequitable administration of the laws.  The Ohio rule is therefore substantive because it is outcome-determinative and it must be applied in FTCA actions.  Plaintiff's claim fails because a private person would not be liable to plaintiff if he filed this suit in the Ohio courts and failed to comply with the Ohio rule.  *See* 28 U.S.C. § 1346(b)(1).

Although the Sixth Circuit has not yet addressed this issue, several Courts of Appeal agree that similar state rules of procedure operate as substantive law under the FTCA.  *See Cestnik v. Fed. Bureau of Prisons,* 84 Fed. Appx. 51, 53-54 (10th Cir. 2003) ("When a plaintiff brings suit against the United States under the FTCA, state substantive law applies.  We have held Colorado's requirement of this certificate [of merit] to be a substantive, rather than procedural, rule of law.  As such, it is applicable to Mr. Cestnik's FTCA claims, even though he is proceeding *pro se*." (internal citations omitted)); *Bramson v. Sulayman,* 251 Fed. Appx. 84, 87 n.2 (3d Cir. 2007) ("The affidavit of merit  requirement applies to malpractice claims under New Jersey law in federal court.  *See Chamberlain v. Gianpapa,* 210 F.3d 154, 161 (3d Cir. 2002).  *Chamberlain* was a diversity jurisdiction case, but the FTCA, under which the District Court had jurisdiction here, also requires the application of state law.").  *See also Mathison v. United States,* 44 Fed. Appx. 27, 29 (8th Cir. 2002) (applying a similar Minnesota statute to claims under the FTCA).

A number of other district courts have also examined the application of similar statutes to

---

[1] Defendant has not argued that plaintiff's complaint fails to state a claim for any reason other than failing to attach an affidavit of merit as required by Rule 10(D)(2).

6

the FTCA and have come to the same conclusion. *See, e.g., Luckett v. United States,* No. 08-CV-13775, 2009 WL 1856417, at * 5 (E.D. Mich. June 29, 2009) ("Under the FTCA, the law of the place where the alleged act or omission occurred is to be applied; therefore, Michigan law applies in the instant case.  Under Michigan law, initiation of a medical malpractice action requires that the plaintiff file a complaint and an affidavit of merit." (internal citations omitted)); *Lopez v. Brady,* No. 4:CV-07-1126, 2008 WL 4415585 (M.D. Pa. Sept. 25, 2008) ("Courts within this circuit have recognized that Rule 1042.3 [which requires an affidavit of merit] is substantive law and should be applied by federal courts sitting in diversity.  It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law." (internal citations omitted)); *Stanley v. United States*, 321 F. Supp. 2d 805, 807 (N.D. W. Va. 2004) (holding that statute requiring a screening certificate of merit as a prerequisite to medical malpractice actions is substantive and applies to claims under the FTCA).

Plaintiff argues that the Ohio rule is procedural because a dismissal for failing to comply with the rule operates as a dismissal without prejudice, but plaintiff cites no law in support of this argument.  Plaintiff also argues that only the Federal Rules of Civil Procedure should apply because plaintiff cannot bring the claim in any other forum, and that the FTCA has its own procedural requirements that do not exist under Ohio law.  Plaintiff does not, however, argue that the Ohio rule conflicts with the Federal Rules of Civil Procedure or the requirements under the FTCA in any way, thus the existence of these other requirements does not relieve plaintiff of his obligation to comply with the Ohio rule.  *See Williams v. United States,* No. 4:01 CV 23, 2001 U.S. Dist. LEXIS 10454, at *13-19 (W.D. Mich. July 16, 2001) (Michigan's law requiring an affidavit of merit applies in FTCA action where it does not conflict with Federal Rules of Civil

7

Procedure, administrative requirements under the FTCA, or applicable regulations.).

Accordingly, defendant's motion to dismiss is granted.

### **CONCLUSION**

For the reasons set forth above, defendant United States of America's Motion to Dismiss Complaint is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/5/10